Mrs. Evelyn S. Roux, the plaintiff in this case, was employed as a helper at the lunch room in the Denham Springs High School in the Parish of Livingston. She lives at Port Vincent which is a considerable distance from Denham Springs and rode to work each day on a school bus which she boarded at French Settlement. This bus was owned by George Henderson, the defendant herein, and was operated by him under a contract with the Livingston Parish School Board to transport children attending the public school at Denham Springs.
In her petition plaintiff alleges that she was permitted to ride as a passenger on the bus and that on August 5, 1946, while a passenger with the permission and consent of George Henderson, she sustained great injuries due to his negligence, carelessness, or want of skill, when he permitted the bus to leave the graveled road on which it was traveling and run into a tree or some other obstruction on the side of the road. She sets out her injuries as being a fracture of the 12th dorsal, the 2d 3rd and 4th lumbar vertebrae, all of which incapacitated her from doing any work and which incapacity will continue for many months. She sets out her damage in the sum of $7,500.00, and expenses for treatment which were incurred by the community existing between herself and her husband, John B. Roux, Sr., in the sum of $335.30 which should be recovered by her said husband for the benefit of the said community.
In his answer the defendant admits that he was employed by the school board to operate the bus and that on the day alleged in plaintiff's petition she was permitted to ride therein as a guest but specifically avers that she was not a passenger for pay. He next avers that he was driving the bus at a moderate speed and was in no way negligent when the accident happened and consequently denies any liability.
Further answering he alleges that on the day of the accident plaintiff was riding the bus as a guest and that she shared the ordinary risks and dangers attendant upon riding the same; that the road on which he *Page 164 
was traveling was apparently safe and he had no reason to expect anything of a dangerous character, unseen and unknown to him until it was suddenly encountered and had no opportunity of avoiding an accident. He further alleges that between himself and the plaintiff, he was not an insurer against latent defects in the road; that he was not at fault in the operation of the school bus when the accident happened but the accident was the result of the latent defects that existed, all of which was assumed by the plaintiff when she got on the bus.
On the issues as thus presented to it the case was tried in the lower court and resulted in a judgment in favor of the defendant, dismissing plaintiff's suit at her costs. From that judgment this appeal was taken.
In his answer defendant seems to stress the point that the plaintiff was not a pay passenger on his bus. Had she been, that, under the law, would have made a difference in the degree of care required of him in carrying her as a passenger for pay. Under the testimony adduced, that point now appears to be immaterial as we find that she was correctly held by the trial judge to be a guest passenger to whom the driver owed no greater duty than that of reasonable care.
When this lady was employed by another lady who operated the lunch room, the question came up as to how she would come to work each morning as she had no conveyance of her own. The lady who employed her rode to work on this bus herself and she told plaintiff that that was the way she should come to work. We construe defendant's testimony in such manner that he was reluctant about taking her and as a matter of fact it seems to have been necessary for the superintendent of schools to intervene and direct him to transport her. Even then the superintendent testified that the defendant protested, but in the end permitted her, as he said, to ride on the bus with the other lady and with the school children. In no sense therefore could she have been considered as a passenger for pay such as a person paying a fare on a public conveyance and to whom the operator owes the highest degree of care under the contract of transportation. Indeed, under the facts shown, this lady was more a licensee than anything else and considered as such, the point is well taken by counsel for defendant that she assumed all the risks incident to latent defects in the road in common with the driver of the bus.
It is strongly urged by counsel for plaintiff that there was negligence on the part of the defendant, first, because assuming that the accident was caused, as he says, by his running into loose gravel which had the effect of swerving the bus out of its path of travel, he should have known or anticipated such a condition and been ready to guard against it as he had been driving over that same road so frequently and for so long a time, and second, because the testimony shows that he was using one of his hands to operate the windshield wiper on the bus and that left him with only one hand to control the steering wheel. We do not find any proof whatever to support the charge of negligence on the second ground. Certainly there is nothing to show that that had anything to do with the accident in the manner in which it occurred, and since there is nothing to disprove the defendant's testimony, the only way that the accident can be accounted for is that he met up with a heap of loose gravel in a curve on the highway and that had the effect of swerving his bus to the left and causing it to run into a clump of bushes or young trees on his left-hand side of the road. He testified that he wasn't going faster than 25 miles an hour and there is no testimony to contradict that. Certainly that can't be said to be negligent or careless driving as far as speed is concerned. Otherwise, we think the testimony is altogether in his favor on the point that he is generally considered to be a very prudent and careful driver. The plaintiff is the only witness who testified that she heard at different times that he was sometimes negligent in his driving. He had been operating a school bus for a good number of years and before that he drove a horse pulled wagon to transport children to school. We hardly think that he would *Page 165 
have been kept in such a responsible position as a driver if he did not enjoy the reputation of being as careful and prudent as he was shown to be.
There is a veiled insinuation that he left his job as a bus driver sometime after this accident happened and that was perhaps because he was not the good driver he was said to have been. His explanation is that after so many years on the job he was tired and as he had a chance to sell his bus and cared to devote more time to some other business he had, he gave it up.
The evidence satisfies us that this was an unavoidable accident for which no one in particular can be held to blame and for that reason we hold that the judgment appealed from which relieved the defendant of liability is correct, and it is accordingly affirmed. *Page 282